UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY CONDIT,

        Plaintiff,                      Case Number: 06-12406

v.                                        HON. MARIANNE O. BATTANI

CHASE BANK, f/k/a/ Bank One,

        Defendant,
_____/

**OPINION AND ORDER DISMISSING PLAINTIFF'S COMPLAINT**

Plaintiff Timothy Condit filed his *pro se* complaint pursuant to 42 U.S.C. § 1983 against Defendant JPMorgan Chase Bank, N.A.,[1] alleging a violation of the Fourth Amendment. Plaintiff asserts that his rights were violated when Defendant illegally seized his property.

Defendant filed a Motion to Dismiss (Doc. No. 2), which was referred to Magistrate Judge Virginia Morgan pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Morgan filed her Report and Recommendation on July 24, 2006, recommending that dismissal be granted. Plaintiff opposes the recommendation. For the reasons that follow the Court **REJECTS** the objections and **DISMISSES** Plaintiff's Complaint.

**I. BACKGROUND**

Plaintiff and his partner borrowed money from First Chicago/NBD to buy a golf course. The loan was secured by the real estate, personal property, and a guaranty from Plaintiff. After the partnership defaulted on the loan the bank foreclosed on the property,

---

[1] The case caption incorrectly identifies Defendant.

and it was sold at a sheriff's sale. Plaintiff attempted to redeem the property, albeit unsuccessfully.

Bank One purchased the property at the sale and filed suit in state court to recover the deficiency amount remaining on the loan. Plaintiff unsuccessfully opposed the law suit and the state court's decision to appoint a receiver over the golf course during the redemption period. Plaintiff appealed the state court's decision, and after he lost, he sought leave to appeal to the state supreme court. Plaintiff filed suit in this Court after the Michigan Supreme Court declined to hear his appeal.

## II. STANDARD OF REVIEW

If objections are filed, "[a] judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III. ANALYSIS

The gist of Plaintiff's brief in opposition to the Report and Recommendation is that he was denied his rights under state law, and his property was seized illegally. His brief merely reiterates the allegations contained in his Complaint. For example, Plaintiff is "convinced that the appointment of the receiver, seizure of [his] personal property and the award in an amount in excess of the deficiency were contrary to Michigan property law that has been in existence for over 150 years." Compl. at p. 4. Therefore he "turns to this Court for protection of his rights." Id.

At the outset of its discussion, the Court observes that Plaintiff's objections, which

merely reargue the merits of the state court lawsuit, lack merit.  The most glaring shortcoming in Plaintiff's Complaint that his constitutional rights have been violated is the absence of state action.  To prevail in a § 1983 action, the plaintiff has the burden of showing that he was deprived of a constitutional right and that the deprivation occurred under color of state law.  Gomez v. Toledo, 446 U.S. 635, 640 (1980); Searcy v. City of Dayton, 38 F.3d 282, 286 (6th Cir. 1994).  A plaintiff may not proceed under § 1983 against a private party "no matter how discriminatory or wrongful" the party's conduct.  Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 130 (1999) (internal quotation marks and citations omitted).  Defendant is not a state actor and is not subject to liability under the statute.  Accordingly, Plaintiff has failed to state a claim for which relief can be granted, and dismissal pursuant to Fed.R.Civ.P. 12(b)(6) is appropriate.

In addition, the Magistrate Judge correctly observes that to the extent that Plaintiff is attacking the state court judgments, the Rooker-Feldman doctrine forbids this court or any federal court other than the Supreme Court to entertain an appeal from a decision by a state court.  See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291-94 (2005); Sun Valley Foods Co. v. Detroit Marine Terminals, Inc. (In re Sun Valley Foods Co.), 801 F.2d 186, 189 (6th Cir. 1986) ("Review of final determinations in state judicial proceedings can be obtained only in the United States Supreme Court.").  The Rooker-Feldman doctrine prevents this Court from exercising subject matter jurisdiction over Plaintiff's real property claims.  As the losing party in state court, Plaintiff is not free to file suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment.  Despite Plaintiff's efforts to designate his claim as one for a violation of his constitutional rights,

distilled to its essence, the claims are based on his dissatisfaction with the judgments entered in the state courts. If Condit wishes to further challenge the Defendant's conduct, he should have filed for *certiorari* in the United States Supreme Court.

## IV.  CONCLUSION

Accordingly, the Court **DISMISSES** Plaintiff's Complaint.

**IT IS SO ORDERED**.

                                                s/Marianne O. Battani  
                                                MARIANNE O. BATTANI  
                                                UNITED STATES DISTRICT JUDGE

DATE:  August 24, 2006

## CERTIFICATE OF SERVICE

A copy of this Order was e-filed and/or mailed to I.W. Winsten, Timothy Condit and Magistrate Judge Morgan on this date.

                                                s/Bernadette M. Thebolt  
                                                Deputy Clerk